## No. 4723.

### HYPOLITE MOSSY *v.* H. H. HARRIS, Tax Collector.

25   623<br>48   140

To authorize a writ of mandamus, there must appear a specific ministerial duty which the applicant has a direct right or interest in having enforced.

Where the pleadings indicate that the application is simply to obtain a judicial order in favor generally of holders of a certain class of warrants, and not to secure a specific right to a particular party, it is not a serious contest, and not a case for a mandamus.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins,* J. *Kennard, Howe & Prentiss,* for plaintiff and appellant. *A. P. Field,* Attorney General, for respondent and appellee.

HOWELL, J. The relator, who resides in the city of New Orleans, alleges that "he is the lawful owner and holder of two warrants, drawn by the Auditor of Public Accounts, of the State of Louisiana, on the treasury of said State, for $300 each, for the salary of L. B. Watkins, as district judge (of the eighteenth judicial district), which warrants are by law receivable for all taxes and license taxes, the proceeds whereof go to the general fund of the treasury; that he . offered said warrants to H. H. Harris, tax collector of the second dis-

trict of New Orleans, in payment of an equal amount of license taxes, the proceeds whereof go by law into the general fund of the treasury, but that the said tax collector has illegally refused to do his duty in the premises belonging to the office with which he is clothed; that the action of the said tax collector is a denial of right and justice;" and he prays for a writ of mandamus, commanding the said tax collector "to receive in payment of said license taxes as above set forth." We presume the words "said warrants" are accidentally omitted.

An exception was filed by the Attorney General, that the demand of the petition sets forth no cause of action, and that if it does, then the law invoked violates section 10 of article 1 of the Constitution of the United States, which prohibits a State from emitting bills of credit, or making anything but gold and silver a tender in payment of debts. From a judgment refusing the mandamus the relator has appealed.

Conceding that the receiving of State warrants for taxes or licenses is a ministerial duty imposed by law, which a tax collector may be compelled by mandamus to perform (a question upon which it is unnecessary now to express an opinion), the allegations made by this relator did not disclose a sufficient interest to authorize him to sue out the writ. He does not show any legal right of which he or any one else is deprived, or any injury caused to him by the action of the defendant. He does not allege that he or any one whom he represents is entitled to a license for any particular calling or vocation, to follow which a license is necessary. He makes simply a general allegation that he offered two certain warrants of $300 each, in payment of an equal amount of license taxes, for whom or for what purpose is not shown or intimated. If he was endeavoring to purchase from the tax collector a quantity of licenses, he of course must fail in his application. If his purpose was merely to obtain judicial authority for the defendant and other tax collectors to receive from any and all persons a certain kind or class of warrants, he must equally fail. It is the province of courts to pass on real contests between parties, enforce or protect specific rights, and redress actual wrongs, and not to issue general orders regulating or defining the duties of public officers. Certainly this last is not the purpose of the writ of mandamus. To authorize it there must appear a specific ministerial duty, which the applicant has a direct right or interest in having enforced. The relator does not show any such right, nor that he will suffer any particular wrong by the alleged refusal of the defendant to receive the said warrants. The pleadings indicate that this case is presented simply to obtain a judicial order in favor generally of holders of a certain class of warrants, and not to secure a specific right to a particular party, and is, therefore, not a serious contest, and not a case for a mandamus.

Judgment affirmed.